[No. 11254-3-III.   Division Three.   July 14, 1992.]

KAREN Y. TAPPER, *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent.*

*Douglass A. North* and *Maltman, Weber, Reed, North & Ahrens,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Evelyn A. Fielding, Assistant,* for respondent.

SWEENEY, J. — Following her discharge, Karen Y. Tapper was initially awarded compensation by the Employment Security Department. The award was upheld by an administrative law judge (ALJ). The Commissioner of Employment Security reversed the ALJ and denied compensation on the grounds of work-connected misconduct. The trial court affirmed the Commissioner. Ms. Tapper appeals. We reverse.

## FACTS

Ms. Tapper began working for The Boeing Company in 1984 as a nonunion clerk. In April 1989, Gary Brown became Ms. Tapper's direct supervisor. In June, Mr. Brown suspended Ms. Tapper for failure to follow rules and instructions. She returned to work on July 10, after signing a notice of remedial action prepared by Mr. Brown. This document stated that Ms. Tapper must: follow procedural guidelines in preparing work packages, coordinate activities and work together with peers, limit time away from work area, increase output, listen to her supervisor, cease disruptive conversations, and eliminate screaming outbursts.

Mr. Brown testified that Ms. Tapper violated the remedial action agreement several times. The violations included: yelling at a new employee, leaving her work area too often and for too long, yelling at people and bothering other employees, and arriving late for work but failing to mark it on her time card after being told to do so. Ms. Tapper testified that she did not scream at a new employee and when she was late for work, she made up the time during her lunch hour.

On July 27, Ms. Tapper's employment at Boeing was terminated. Ms. Tapper was initially awarded unemployment compensation by the Employment Security Department. Boeing appealed the award. The ALJ reviewed the award, found no misconduct and affirmed. Boeing then filed a petition for review with the Commissioner of Employment Security. The Commissioner ordered the findings of the ALJ set aside and denied compensation. The Commissioner concluded that Ms. Tapper's behavior was more than inability to follow directions and constituted disqualifying misconduct. Ms. Tapper appealed the Commissioner's decision to superior court and the decision was affirmed.

██ ██ Ms. Tapper contends the Commissioner's decision improperly makes new factual findings different from those of the ALJ. The ALJ found that Ms. Tapper was discharged for inability to relate to others and follow instructions. This,

he concluded, did not amount to misconduct. Misconduct must be intentional or based on repeated but unexcused acts, after notice, to be disqualifying. *Macey v. Department of Empl. Sec.*, 110 Wn.2d 308, 752 P.2d 372 (1988). Ms. Tapper contends "inability" is not misconduct, citing *Becker v. Employment Sec. Dep't*, 63 Wn. App. 673, 677, 821 P.2d 81 (1991). She takes issue with the Com-missioner's conclusion that inability to relate to others and follow instructions constitutes "misconduct" as required by RCW 50.20.060. The evidence here supports the findings of fact made by the Commissioner. However, the determination of whether Ms. Tapper's behavior qualifies as misconduct is a question of law. *Harvey v. Department of Empl. Sec.*, 53 Wn. App. 333, 336, 766 P.2d 460 (1988).

STANDARD OF REVIEW

Judicial review of a final administrative decision rendered by the Commissioner is governed by procedural requirements set out in RCW 34.05.570. We grant relief when: (1) the agency has erroneously interpreted or applied the law; or (2) the order is not supported by substantial evidence; or (3) the order is arbitrary or capricious. RCW 34.05.570(3).

■ Issues of law are the responsibility of the judicial branch. Therefore, the error of law standard allows a reviewing court to essentially substitute its judgment for that of the administrative body, though substantial weight is accorded the agency's view of the law. *Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 324-25, 646 P.2d 113 (1982), *cert. denied*, 459 U.S. 1106 (1983).

Here, the Commissioner adopted the ALJ's findings of fact but refused to adopt the following conclusion of law:

> 2. Mr. Brown fired the claimant on suspicion of workplace behavior which may be described as less than ideal, as well as on the basis of an undocumented record of minor work deficiencies. Even if he thought she spent too much time "goofing off " away from the document storage and retrieval area, I find that the evidence does not support a holding of misconduct. Hence, there have been no overpayments.

The Commissioner concluded:

Considering the overall evidence, we are satisfied that misconduct has been established. Claimant's behavior then was more than a simple failure or inability to follow directions dealing with the performance of her job duties. The directions the claimant received related rather than [*sic*] to the functions of her assigned tasks, her attitude, promptness, and behavior at the workplace. Despite a warning, including a suspension, claimant continued to ignore these instructions, which were entirely reasonable under the circumstances. Accordingly, we conclude that claimant's behavior constitutes disqualifying misconduct under RCW 50.20.060.

The Commissioner accepted the ALJ's perception of the facts, but differed on the legal determination of whether those facts constituted "misconduct".

DISQUALIFYING MISCONDUCT

RCW 50.20.060(1) sets forth the statutory disqualification at issue. It provides, in pertinent part:

An individual shall be disqualified from benefits beginning with the first day of the calendar week in which he or she has been discharged or suspended for *misconduct connected with his or her work* . . ..

(Italics ours.)

■ ■ The term "misconduct" is not defined by statute; however, the criteria to be utilized in determining on-the-job misconduct were summarized in *Macey* as follows:

(1) The rule must be reasonable under the circumstances of the employment; (2) the conduct of the employee must be connected with the work . . .; and (3) the conduct of the employee must in fact violate the rule.

*Macey*, at 319. Intentional conduct which satisfies the criteria would constitute misconduct but "unsatisfactory job performance whether stemming from inability to perform, errors of judgment or ordinary negligence does not constitute misconduct." *Macey*, at 318.

In *Harvey v. Department of Empl. Sec., supra,* this court found that an employee's refusal to fold linens, when told to

do so by her employer, qualified as misconduct and could not be considered an error of judgment. The denial of unemployment benefits was affirmed.

More recently, in *Becker v. Employment Sec. Dep't, supra* at 677, we found a claimant's cash register errors constituted "ordinary negligence" or stemmed from her inability to perform, and her lack of politeness stemmed from "errors of judgment". We held this behavior was insufficient to constitute disqualifying misconduct and the denial of benefits was reversed.

Inability to get along with her co-workers and inability to perform her job as instructed by her supervisor may be sufficient to warrant termination of employment, but it is insufficient to constitute disqualifying misconduct for purposes of unemployment compensation benefits. *Macey v. Department of Empl. Sec., supra* at 318. The unemployment compensation act is to be liberally construed to alleviate the suffering caused by involuntary unemployment. *Becker,* at 677; RCW 50.01.010.

The Commissioner erred in finding Ms. Tapper's conduct was disqualifying misconduct. We agree with the ALJ's conclusion of law on this issue and reverse the Commissioner's denial of benefits to Ms. Tapper.

SHIELDS, C.J., and MUNSON, J., concur.

Reconsideration denied September 15, 1992.

Review granted at 120 Wn.2d 1024 (1993).